UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

                 Plaintiff,

  -against-                                        1:06-CV-0155
                                                        (LEK/DRH)
DIANE H. KENNEDY; GREGORY W. JAYNE;
MELISSA JAYNE; SHADES OF NEWPORT
BRIDGE, INC.; G.D.M. PROPERTIES, LLC,

                 Defendants.

## ORDER

      Plaintiff Daimlerchrysler Financial Services Americas LLC ("Plaintiff" or "Daimlerchrysler") brought this action against Defendants, seeking payment for breach of guarantees and for payment of the outstanding indebtedness due and owing to Plaintiff. See Complaint (Dkt. No. 1). Plaintiff had previously demanded payment from Defendants, and had served an Acceleration and Termination Notice. See id.

      The above-captioned Defendants, Diane H. Kennedy, Gregory W. Jayne, Melissa Jayne, G.D.M. Properties, LLC, and Shades of Newport Bridge, Inc., have failed to file Answers or other responsive papers to the Complaint - and their time to do so has expired - thereby violating Federal Rule of Civil Procedure 12. See FED. R. CIV. P. 12(a); United States v. Alcan Aluminum Corp., No. 5:03-CV-0765 (NPM/RFT), 2006 WL 1133291, at *5 (N.D.N.Y. Apr. 26, 2006) (McCurn, Senior D.J.). On May 3, 2006, Plaintiff filed a Request for Entry of Default against four of the Defendants (Diane H. Kennedy, Gregory W. Jayne, Melissa Jayne, and G.D.M. Properties, LLC), pursuant to

1

Federal Rule of Civil Procedure 55 and Northern District Local Rule 55.1, which the Clerk's Office for the Northern District of New York entered on May 3, 2006.  See Request for Entry of Default (Dkt. No. 7); Clerk's Entry of Default (Dkt. No. 8); FED. R. CIV. P. 55(a); N.D.N.Y. L.R. 55.1. Plaintiff filed a Request for Entry of Default against Defendant Shades of Newport Bridge, Inc., on May 22, 2006, which the Clerk's Office for the Northern District of New York entered on May 24, 2006.  See Request for Entry of Default (Dkt. No. 11); Clerk's Entry of Default (Dkt. No. 12); FED. R. CIV. P. 55(a); N.D.N.Y. L.R. 55.1.

Plaintiff has moved for default judgment against only one of the Defendants, G.D.M. Properties, LLC, for the full amount of the judgment.  See Motion for Default Jdmt. (Dkt. No. 9); Suppl. Brief in Further Support (Dkt. No. 14).  "While there always is a question in a multi-defendant case as to the appropriateness of a default judgment against a single defendant... where the cause of action triggers joint and several liability, such disposition is permitted."  Cole v. New York State Dep't of Corr. Serv., No. 97-CV-0477E(M), 1999 WL 1067588, at *1 (W.D.N.Y. Nov. 15, 1999) (citing, *inter alia*, In re Uranium Antitrust Litig., 617 F.2d 1248, 1256-1257 (7th Cir. 1980)).  The matter currently at bar, involving breach of contract and guarantees, and payment of indebtedness, appears to concern matters of joint and several liability, see, generally, Ford Motor Credit Co. v. Miller, 990 F. Supp. 107 (N.D.N.Y. 1998) (McAvoy, C.J.); Complaint (Dkt. No. 1) at ¶¶ 15-18; Suppl. Brief in Further Support (Dkt. No. 14) at 2, such that default judgment may be entered against only one defendant herein.

After review of Plaintiff's initial papers (Dkt. No. 9), the Court was left with several questions, and ordered Plaintiff to provide supplemental briefing addressing and clarifying the

issues and calculations of monies owed. Plaintiff filed said supplemental briefing on May 25, 2006. See Suppl. Brief in Further Support (Dkt. No. 14).

Following review of the Record and the submissions of Plaintiff, this Court finds that the amounts requested by Plaintiff for principal, accrued interest and other charges, and costs, are due and owing to Plaintiff in this matter. Therefore, the Court will grant Plaintiff's Motion for default judgment against Defendant G.D.M. Properties, LLC. Defendant G.D.M. Properties, LLC, is ordered to pay the full amounts as set forth by Plaintiff in the Supplemental Briefing in Further Support (Dkt. No. 14, at 8).

Therefore, based on the foregoing, it is hereby

**ORDERED**, that Plaintiff's Motion for Default Judgment against Defendant G.D.M. Properties, LLC, (Dkt. No. 9), as supplemented by the Supplemental Briefing (Dkt. No. 14), is **GRANTED**. The Clerk shall enter Default Judgment against Defendant G.D.M. Properties, LLC, in the amounts as set forth by Plaintiff in the Supplemental Briefing in Further Support (Dkt. No. 14, at 8), *to wit*:

  (1) a principal amount of **ONE MILLION ONE HUNDRED AND FORTY-NINE THOUSAND FIVE HUNDRED AND FORTY-NINE DOLLARS AND EIGHTY-THREE CENTS ($1,149,549.83)**;

  (2) interest and other charges in the amount of **EIGHTY-ONE THOUSAND EIGHT HUNDRED AND EIGHTY-FIVE DOLLARS AND TWELVE CENTS ($81,885.12) (PLUS AN ADDITIONAL total per diem pre-judgment interest in the amount of SEVEN THOUSAND FIVE HUNDRED FIFTY-SIX DOLLARS AND TWENTY-TWO CENTS ($7,556.22) - $279.86 per diem for the twenty seven (27) days from May 5, 2006, until the date of this Judgment, inclusive of weekends, holidays, May 5, 2006, and the date of this Judgment**; and

  (3) costs of **TWO HUNDRED AND FIFTY DOLLARS AND NO CENTS ($250.00)**);

and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   May 31, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge