UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

                    Plaintiff,

   -against-                              1:06-CV-0155
                                            (LEK/DRH)
DIANE H. KENNEDY; GREGORY W. JAYNE;
MELISSA JAYNE; SHADES OF NEWPORT
BRIDGE, INC.; G.D.M. PROPERTIES, LLC.,

                    Defendants.

## DECISION AND ORDER

Currently before the Court is a Motion to vacate a default judgment pursuant to Federal Rule of Civil Procedure 60(b) filed by Defendant G.D.M. Properties, L.L.C. ("G.D.M.") on October 16, 2007. Dkt. No. 28. A hearing was held on September 16, 2008 to assist the Court in determining whether G.D.M. was served with process through personal service on co-Defendant Diane Kennedy ("Kennedy") at Ellenville on February 15, 2006. Dkt. Nos. 47, 48. Plaintiff DaimlerChrysler Financial Services Americas, LLC (DaimlerChrysler) has notified the Court that it no longer opposes G.D.M.'s Motion to vacate the default judgment. Dkt. No. 51.

**I.    Background**

This lawsuit arose out of the collapse and subsequent bankruptcy of non-party Ellenville Dodge-Chrysler-Jeep, Inc. ("Ellenville"). Since 1999, Kennedy has been a member of G.D.M., which owned and operated the real property upon which Ellenville was located, and an officer, director, and shareholder of Ellenville. Kennedy and G.D.M., among others, guaranteed

1

Ellenville's debt to DaimlerChrysler through Loan and Security Agreements dated April 15, 2002. Dkt. No. 1, Exs. B, C, D, E. On January 30, 2006, Ellenville filed for bankruptcy, and on April 19, 2007, Kennedy did so in her personal capacity.

On February 6, 2006, Chrysler commenced the present action against Defendants G.D.M. and Kennedy to recover $1,332,962.86 on the Loan and Security Agreements between the parties which guaranteed Ellenville's debt. Both G.D.M. and Kennedy failed to answer the Complaint, and defaults were entered against them on June 1, 2006 and October 19, 2006 respectively. Defendants moved to vacate those default judgments, and the Court granted Kennedy's Motion due to excusable neglect. Motion (Dkt. No. 28); Order (Dkt. No. 43).

## II.     Discussion

Under Local Rule 7.1(b)(3) of the Local Rules of Practice for the Northern District of New York, "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3). Here, Plaintiff does not oppose G.D.M.'s properly filed Motion to vacate the default judgment. Therefore, the only remaining issue is whether G.D.M. has met the burden "to demonstrate entitlement to the relief requested." N.D.N.Y. L.R. 7.1(b)(3). This burden requires simply that G.D.M.'s motion be "facially meritorious." See, e.g., Hernandez v. Nash, 2003 WL 22143709, at *2 (N.D.N.Y. 2003); Burns v. Trombly, 2008 WL 2003804, at *7 (N.D.N.Y. 2008).

### A.     Relevant Law

The power to vacate a judgment is within the court's sound discretion, and particularly

2

appropriate in the case of default judgments, primarily because of the harsh results that normally accompany such judgments, and the general tendency to prefer a trial on the merits.  Peckarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001); American Alliance Ins.  Co., Ltd.  v.  Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996); Enron Oil Corp v.  Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).

Rule 60(b) states that on "motion and upon such terms as are just," the court may relieve a party from final judgment on grounds that the judgment is "void."  FED. R. CIV. P. 60(b).  Since service of process is the means by which the Court asserts jurisdiction to adjudicate the rights of a party, a judgment is void if the Defendant was not properly served because the Court is powerless to enter judgment against that Defendant.  See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84-87 (1988); Velez v. Vassallo, 203 F.Supp.2d 312, 317-318 (S.D.N.Y. 2002).

Although Rule 60(b) states that "[t]he motion shall be made within a reasonable time," "[i]t has oft been stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time."  FED. R. CIV. P. 60(b); Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir.  1997).  Accordingly, G.D.M. is not time barred from making this Motion pursuant to Rule 60(b)(4).

Since this action was filed in the Northern District of New York, the proper method of service is governed by New York law.  See FED. R. CIV. P. 4.  Under New York law, service of a summons and complaint may be made on a limited liability company by personally delivering a copy of process upon a member of the company.  N.Y.C.P.L.R. §311-a.  G.D.M. is a New York limited liability company, and Kennedy is an authorized member of G.D.M.  It is on this basis that Plaintiff claimed G.D.M. was served with process through personal service on Kennedy at

Ellenville on February 15, 2006.

Under New York law, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and, therefore, establishes a presumption of proper service. Old Republic Ins. Co. v. Pacific Fin. Servs., 301 F.3d 54, 57 (2d Cir. 2002). However, where, as here, the Court is presented with a sworn denial of service by the Defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing. See, e.g., Balancio v. Santorelli, 267 A.D.2d 189, 699 N.Y.S.2d 312 (2d Dep't 1999); Skyline Agency v. Ambrose Cappotelli, Inc., 117 A.D.2d 135, 502 N.Y.S.2d 479 (2d Dep't 1986).[1]

**B.     Evidence Presented**

Plaintiff's process server (the "Server") testified at the hearing based on documents introduced at the hearing: an affidavit of service and a worksheet that the Server said he filled out upon service. The Server testified that the documents showed that he served Diane Kennedy on February 15, 2006 at Ellenville. Hearing Transcript ("Tr.") 5:18-6:1; 7:20-23; 8:4-5; 15:3-7 (Dkt. No. 48). He also testified that his "recollection" of the services was based solely on his notes and that he did not "recall the service call." Tr. 19:8-27. The Server also testified that within a few minutes of completing the service, he noted the description of the person served as a white female with black hair, age 25 to 35, "five foot four, five foot six" inches in height, and weighing "130 to 145" pounds. Tr. 10:13-11:1. The Server also testified that he would normally

---

[1] The Court notes, moreover, the fact that Kennedy may have had actual notice of the action does not suffice to confer jurisdiction in the absence of the proper service of a summons and complaint. See Macchia v. Russo, 67 N.Y.2d 592 (1986); Bank of America Nat. Trust & Sav. Ass'n v. Herrick, 233 A.D.2d 351 (2d Dep't 1996).

serve 5 to 35 sets of papers per day.  Tr. 6:15-16.

Evidence before this Court demonstrates that at the time of the alleged service, Kennedy had brown hair, was 41 years old, 5 foot 2 inches, weighed 115 pounds, and had a prominent brown mole over the left side of her lip, despite the Server's failure to note any distinguishing physical characteristics.  Kennedy Aff. at ¶ 2 (Dkt. No. 36).  At the hearing, the Server was unable to identify Kennedy in the Courtroom as the person he had served.  Tr. 14:6-11; 19:1-2.  Kennedy later testified that another female employee would have been at Ellenville on that day, but that she would have had no capacity or authority with G.D.M.  Tr. 85:15-20; 91:5-9.

Unrefuted evidence at the hearing established that Kennedy was employed at Rallye Auto Plaza ("Rallye"), in Monroe, New York on the date of the alleged service and that the trip from Rallye to Ellenville was about an hour long.  Tr. 77:2-8; 79:9-11.  Kennedy also testified that it was Rallye's policy that an employee could not take time off during the workday and that she never too so much as an hour off during the workday, nor arrived at work later than 10:30 a.m.  Tr. 87:8-21; 88:4-9; 89:1-14.  Kennedy thus testified that she could not physically have been at Ellenville on February 15 at 11:22 a.m. for the alleged service.  Tr. 98:6-11.

This testimony was supported by the testimony of Kim Boykin, who was the Comptroller at Rallye and whose duties included maintaining all records relating to employee attendance from which a weekly pay would be determined.  Tr. 46:24-47:16.  Guided by those records, Boykin testified that Kennedy worked at Rallye the whole day on February 15.  Tr. 83:5-23; see also Tr. 71:24-72:6 (noting that Kennedy's receipt of her full pay for the week indicated that Kennedy had worked that full week, including the day in issue).

The Court is thus left with the process server's lack of independent recollection and an

5

inconsistent physical description, and his testimony is further contradicted by Kennedy's testimony, Boykin's testimony, and records from Rallye establishing that Kennedy was not and could not have been present at Ellenville for the alleged service.  The Court therefore finds that Plaintiff has failed to establish proper service by a preponderance of the evidence and that G.D.M.'s Motion demonstrates "entitlement to the relief requested."  N.D.N.Y. L.R. 7.1(b)(3).  G.D.M.'s Motion to vacate is thus granted on grounds of defective service.

### III.     Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to vacate pursuant to Rule 60(b)(4) (Dkt. No. 28) is **GRANTED** as to Defendant G.D.M.; and it is further

**ORDERED**, that the judgment entered against Defendant G.D.M. on June 1, 2006 (Dkt. No. 16) is **VACATED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:   January 23, 2009
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge